Bert B. Lockwood, J.
The defendant, John Fessia (hereinafter referred to as “Fessia”), has moved to dismiss the third-party complaint of the plaintiff, Board of Education of the Utica City School District (hereinafter referred to as “ board ”).
Involved on this motion is the question of the right to indemnity based on distinctions between “active” and “passive” negligence. The original action is brought by plaintiff’s intestate against the defendant and third-party plaintiff board for the alleged wrongful death of the plaintiff’s intestate caused by injuries while he was performing work on board’s property. It also appears that board had an agreement with Fessia to *1044 perform work on its property and that Fessia was engaged in the performance of his contract at the time of the accident resulting in plaintiff’s intestate’s death.
The original or prime complaint sets forth various allegations of negligence on the part of board including an allegation of failing to properly keep its premises in a reasonably safe condition for people lawfully upon the premises.
If the third party has contracted to indemnify the one sued, or if the liability of the one sued is predicated on passive negligence imposed by law and that of the third party is based on active negligence, the one sued has an indemnity action over against the one not sued, and hence, may implead the third party, pursuant to section 193-a of the Civil Practice Act. In the present case, it appears there was no express covenant of indemnity contained in the agreement between the defendant and third-party plaintiff board and the defendant Fessia. Therefore, any right to indemnity by the board would be controlled by common-law principles. The actively negligent tortfeasor is considered the primary or principal wrongdoer and is held responsible for his negligent act not only to the person directly injured thereby, but also to any other person indirectly harmed by being cast in damages by operation of law for the wrongful act. The right of the defendant to implead another, then, depends upon his being able to demonstrate the right to be indemnified by the one he seeks to implead. An implied contract of indemnity arises in favor of the wrongdoer who has been guilty of passive negligence, if there be such, against the one who has been actively negligent. So it is that a claim over against a third person charging the third person with active negligence will be allowed if the original or prime complaint can reasonably be interpreted as including an allegation of passive negligence on the part of the original defendant. It is frequently difficult to determine whether a defendant’s negligence has been active. It is the omission or failure to perform a nondelegable type of duty (e.g., the duty of an owner of realty to furnish the injured party with a safe place to work), as distinguished from the failure to observe for the protection of the interests of another person that degree of care and vigilance which the circumstances justly demand, which constitutes passive negligence entitling one to indemnity. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447.)
On the present motion, the question arises on the pleadings and before trial, and there are difficulties in interpretin'? the allegations of the complaint. The pleader (prime plaintiff) is hardly concerned with the problem among the defendants, *1045 inter se, and no effort is made to categorize the allegations to assist in the solution of the problem of liability among them. Another reason for difficulty, and a more basic one, stems from the uncertain applicability of the substantive law. Even when the evidentiary facts have been ascertained, there is often uncertainty as to whether indemnification is appropriate especially where the right depends partly upon the weighing of the comparative culpabilities among different kinds of wrongdoing. Whether negligence is passive or active is, generally speaking, a question of fact for the jury. More often than not there will be questions of fact resolvable only upon the trial and the question of liability is not determinable on the pleadings. (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 11 A D 2d 220.)
In the present instance, as previously stated, the original complaint alleges among other acts of negligence, that the defendant board failed to keep the premises in a reasonably safe condition for people lawfully on the premises.
One cannot say now on which, if any, of the several charges of negligence the third-party defendant Fessia may be liable to board but so long as there is but one specification of negligence which may result in liability to board in favor of the plaintiff’s intestate, and upon which board may be entitled to claim over against the third-party defendant Fessia, there is enough to sustain the third-party complaint. (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., supra.)
In summary, then, neither the pleadings nor the acts that occurred, suggests the possibility of resolving questions of liability over upon the pleadings alone. The allegations of negligence are broad enough, varied enough, and stated sufficiently in the disjunctive to allow the holding of Fessia liable to board on one or possibly more theories, only one of which may require a finding of primary responsibility on the part of Fessia. Accordingly, the motion of the third-party defendant Fessia is denied, without costs.